**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES—GENERAL**

Case No. 5:26-cv-02082-KES                    Date: April 28, 2026

Title: ANKIT v. DESERT VIEW ANNEX WARDEN, et al.

PRESENT:

<u>THE HONORABLE KAREN E. SCOTT, U.S. MAGISTRATE JUDGE</u>

| Jazmin Dorado | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PETITIONER: | ATTORNEYS PRESENT FOR RESPONDENTS: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**      **Order DENYING, in part, and GRANTING, in part, TRO Application (Dkt. 2)**

**I.      BACKGROUND**

On April 24, 2026, Mr. Ankit Ankit ("Petitioner") filed a counseled Petition for a Writ of Habeas Corpus ("Petition" at Dkt. 1) and Application for Temporary Restraining Order ("TRO Application" at Dkt. 2) challenging his detention by the Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE").

In the TRO Application, Petitioner alleged unique emergency circumstances, i.e., that he is suffering "severe and ongoing harm" in immigration detention, including "weight loss" and "active suicidal ideations" for which he has not received adequate treatment. (Dkt. 2 at 2.) He requested (1) release from immigration custody; (2) alternatively, a bond hearing; or (3) such other relief as may be "just and proper." (Id. at 8.)

As a result of Petitioner having alleged a life-threatening emergency, the Court[1] directed Respondents to respond to the TRO Application and advise "if/when Petitioner is scheduled to

---

[1] The parties have consented to the jurisdiction of the Magistrate Judge. See generally 28 U.S.C. § 636(c). Petitioner consented during the case-initiating process. (Dkt. 6.) Per General Order 26-05, Respondents had 24 hours from service of the Petition to withdraw their consent to the Magistrate Judge, and they did not do so. (Dkt. 4-1 at 2.)

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 5:26-cv-01583-KES                                Date: April 28, 2026
                                                          Page 2

receive mental and physical health treatment, and why the treatment provided or proposed is adequate." (Dkt. 7.)

In opposing the TRO, Respondents contend that (1) the TRO Application "does not assert that there is an emergency and should be denied for failing to meet the General Order's standard;" and (2) "conditions of confinement do not properly sound in habeas." (Dkt. 9 at 3.) Respondents provided no information about Petitioner's mental or physical health.

## II.    DISCUSSION

The Court has already set an expedited briefing schedule. (Dkt. 7.) "Applications for [TROs] should be reserved for cases where the petitioner alleges imminent, irreparable harm that cannot be addressed by the standard scheduling order or by expediting the briefing schedule." C.D. Cal. General Order 26-05 ¶ 3.[2] For Petitioner's request for immediate release or a bond hearing, Petitioner has not made such a showing.

For Petitioner's request for treatment of his allegedly life-threatening mental and physical health conditions while in immigration detention, the Court GRANTS "such other relief that may be just and proper" by requiring that ***Respondents shall include with their Answer evidence of if/when Petitioner received treatment addressing his suicidal ideation and weight loss and a basic description of that treatment.*** The Court agrees that claims about conditions of confinement do not properly sound in habeas, but the Court can preserve its habeas jurisdiction by entering orders aimed at reducing the risk of Petitioner's death in custody.

Nothing in this order precludes Petitioner from filing a separate civil rights action challenging the conditions of his confinement.

Initials of Deputy Clerk jd

---

[2] https://www.cacd.uscourts.gov/sites/default/files/general-orders/GO%2026-05.pdf