UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANKIT ANKIT,<br><br>       Petitioner,<br><br>  v.<br><br>WARDEN, et al.,<br><br>       Respondents. | Case No. 5:26-cv-02082-KES<br><br>ORDER GRANTING THE PETITION IN PART AND ORDERING A BOND HEARING WITHIN SEVEN (7) DAYS |

## I.     INTRODUCTION

Ankit Ankit ("Petitioner") filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 ("Petition" at Dkt. 1), challenging his detention by the Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE"). The parties have consented to the jurisdiction of the Magistrate Judge.  (Dkt. 4, 11.) The Petition is GRANTED to the extent that Petitioner seeks an individualized bond hearing pursuant to 8 U.S.C. § 1226(a).

## II.    FACTUAL BACKGROUND

Petitioner is a native and citizen of India who entered the United States on or about March 6, 2024, near Tecate, California, without inspection.  (Dkt. 1 at 4.) On March 8, 2024, DHS initiated removal proceedings by issuing a Notice to

1

Appear that charged Petitioner as removable pursuant to section 212(a)(6)(A)(i) of the Immigration and Nationality Act.  (Id. at 5; Dkt. 1-1 at 1-3 (Notice to Appear).)  On April 17, 2026, ICE officers took Petitioner into custody and thereafter transferred him to the Desert View Annex facility in Adelanto, California, where he remains detained.  (Dkt. 1 at 5.)

**III.    PROCEDURAL HISTORY**

Petitioner filed the present Petition on April 24, 2026.  (Dkt. 1.)  The Petition raises the following claims:

Ground 1: Violation of Procedural Due Process.  Petitioner alleges that, although he entitled to a bond hearing pursuant to 8 U.S.C. § 1226(a), Respondents have "denied any meaningful opportunity to challenge his detention before a neutral decisionmaker."  (Id. at 7.)  Petitioner seeks immediate release from custody or, in the alternative, "a prompt and constitutionally adequate bond hearing."  (Id. at 10.)

Ground 2: Violation of Substantive Due Process.  Petitioner alleges that he is experiencing "significant weight loss and active suicidal ideations," which are "ongoing and have been brought to the attention of detention officials," rendering his continued detention "under conditions that are causing severe mental and physical harm" unconstitutional.  (Id. at 8.)

Ground 3: Failure to Provide Adequate Medical and Mental Health Care. Petitioner alleges that Respondents' failure to provide adequate care or intervention regarding his suicidal ideations and physical deterioration amount to deliberate indifference in violation of the Fifth Amendment.  (Id. at 8-9.)

On the same day Petitioner filed his Petition, he also filed an ex parte application for a temporary restraining order ("TRO").  (Dkt. 2.)  The Court set an expedited briefing schedule for the TRO on April 24, 2026.  (Dkt. 7.)  Respondents filed a timely opposition three days later.  (Dkt. 9.)  The Court partially granted the TRO, requiring Respondents to include with their Answer evidence of if/when Petitioner received treatment addressing his suicidal ideation and weight loss along

with a basic description of that treatment.  (Dkt. 10.)

On May 1, 2026, Respondents answered the Petition, stating that they "are not presenting an opposition argument to Petitioner's bond hearing at this time." (Dkt. 12.)[1]

## IV.   DISCUSSION

Petitioner is entitled to relief on Ground 1 because he is a member of the Bond Eligible Class that was certified in Bautista.  The district court in Bautista defined the Bond Eligible Class as:

> All noncitizens in the United States without lawful status who
>
> (1) have entered or will enter the United States without inspection;
>
> (2) were not or will not be apprehended upon arrival; and (3) are
>
> not or will not be subject to detention under 8 U.S.C. § 1226(c),
>
> § 1225(b)(1), or § 1231 at the time the [DHS] makes an initial
>
> custody determination.

Bautista, 813 F. Supp. 3d at 1127.  "Ultimately, the final judgment entered in Bautista declared that class members are not subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and instead are entitled to consideration for release on bond by immigration officers and, if not released, a custody redetermination hearing

---

[1] Respondents attached the declaration of a deportation officer to their Answer, as directed by this Court.  The declarant stated that, upon reviewing Petitioner's medical records, he found no complaints or treatment for depression and that, on April 23, 2026, Petitioner told a provider that he did not have thoughts of harming himself.  (Dkt. 12-1 at 1-2, ¶ 7.)  The officer also provided a chart of Petitioner's weight as measured on five occasions between April 17, 2026, and April 27, 2026, showing that his weight remained relatively stable—"[Petitioner] has gained a modest amount of weight since entering the Adelanto Ice Detention Center."  (Id. at 2, ¶¶ 8-9.)  Petitioner complained that he had tooth pain on April 23, 2026, for which he was triaged that same day, recommended to have the lower-left wisdom tooth removed, and prescribed Motrin.  (Id. ¶ 10.)  The declaration does not state whether there are plans for Petitioner to have the tooth removed or how urgently extraction is needed.

before an immigration judge pursuant to 8 U.S.C. § 1226(a)." Gonzalez v. Acting Warden of the Adelanto Det. Ctr., No. 5:26-cv-01348-AS, 2026 U.S. Dist. LEXIS 82973, at *3-4 (C.D. Cal. Apr. 13, 2026) (citation modified).

Petitioner desires immediate release or a bond hearing in the alternative. Respondents have not provided a substantive opposition to Ground 1.

The appropriate remedy is to order a bond hearing. See Rathi v. Warden of Desert View Annex Det. Facility, No. 5:26-cv-01174-WLH-AYP, 2026 U.S. Dist. LEXIS 61360, at *2-3 (C.D. Cal. Mar. 18, 2026). The Court will defer ruling on Grounds 2 and 3, Petitioner's substantive due process and deliberate indifference claims, until after the bond hearing is held. See Devi v. Semaia, No. 5:26-cv-00898-DMG-AS, 2026 U.S. Dist. LEXIS 53607, at *3 (C.D. Cal. Mar. 9, 2026) ("Because there is no dispute that [the petitioner] is part of the Bautista class, has not received a bond hearing, and is entitled to one, [the petitioner] … will prevail on the merits of [the] bond hearing claim. The appropriate remedy is a bond hearing with further recourse in this Court if Respondents fail to provide a hearing that complies with due process.").

## V.   CONCLUSION

IT IS THEREFORE ORDERED that Ground 1 of the Petition is **GRANTED** to the extent Petitioner seeks a bond hearing pursuant to Bautista and § 1226(a). Respondents are hereby ENJOINED from continuing to detain Petitioner without providing an individualized bond hearing **within seven (7) days** of the date of this Order. Thereafter, **within three (3) days** of the bond hearing, Respondents shall file a status report detailing the outcome of the bond hearing and stating whether Petitioner has been released from custody. After receiving the Reply, the Court will rule on Grounds 2 and 3 and issue any further orders, if necessary.

DATED:  May 5, 2026

_____
KAREN E. SCOTT
UNITED STATES MAGISTRATE JUDGE

4