JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

ANKIT ANKIT,

     Petitioner,

v.

WARDEN, et al.,

     Respondents.

Case No. 5:26-cv-02082-KES

ORDER DISMISSING ACTION WITHOUT PREJUDICE FOR LACK OF PROSECUTION

**I.**

**INTRODUCTION**

On April 24, 2026, Ankit Ankit ("Petitioner") filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging his detention by the Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE"). ("Petition" at Dkt. 1.) The parties have consented to the jurisdiction of the Magistrate Judge. (Dkt. 11.)

The Petition raised three grounds: (1) violation of procedural due process based on failure to provide him with a bond hearing, (2) violation of substantive due process based on the conditions of his confinement, and (3) violation of due

1

process based on failure to provide adequate medical and mental health care. (Dkt. 1 at 7-9.) On May 5, 2026, this Court granted Ground 1 and ordered a bond hearing for the Petitioner. (Dkt. 13.) On May 12, 2026, this Court ordered Petitioner to file a reply by May 19, 2026, addressing whether the Court has habeas jurisdiction over Grounds 2 and 3 of the Petition. (Dkt. 15.) Petitioner failed to file a reply. On May 27, 2026, this Court ordered Petitioner to show cause why this case should not be dismissed for lack of prosecution and/or failure to obey this Court's order. (Dkt. 16.) Petitioner did not file a response.

As of the date of this order, the Court has not received any further filings from Petitioner.

## II.

## LEGAL STANDARD

A district court may dismiss an action for failure to prosecute, failure to follow court orders, or failure to comply with the federal or local rules. See Fed. R. Civ. P. 41(b); Link v. Wabash R. Co., 370 U.S. 626, 629-30 (1962); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam). Central District of California Local Rule 41-1 provides, "Civil suits which have been pending for an unreasonable period of time without any action having been taken therein may, after notice, be dismissed for want of prosecution."[1]

The Court has discretion to dismiss the action with or without prejudice. See Fed. R. Civ. P. 41(b) ("[u]nless the dismissal order states otherwise," or certain exceptions apply, a dismissal pursuant to Federal Rule of Civil Procedure 41(b) "operates as an adjudication on the merits"); Local Rule 41-2 ("[u]nless the Court provides otherwise, any dismissal pursuant to [Local Rule] 41-1 shall be without

---

[1] The Local Rules of the U.S. District Court for the Central District of California are available online at: https://www.cacd.uscourts.gov/court-procedures/local-rules.

prejudice"); Al-Torki v. Kaempen, 78 F.3d 1381, 1385 (9th Cir. 1996) ("Dismissal with prejudice and default on counterclaims, for willful and inexcusable failure to prosecute, are proper exercises of discretion under Federal Rules of Civil Procedure 41(b), 16(f), and the inherent power of the court.").

In determining whether to dismiss a case for failure to prosecute or failure to comply with court orders, the Ninth Circuit has instructed district courts to consider the following five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants/respondents; (4) the availability of less drastic sanctions; and (5) the public policy favoring disposition of cases on their merits. In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006); Lundquist v. United States, No. 21-cv-55908, 2022 U.S. App. LEXIS 14081, at *2-3 (9th Cir. 2022).  The test is not "mechanical," but provides a "non-exhaustive list of things" to "think about."  Valley Eng'rs v. Elec. Eng'g Co., 158 F.3d 1051, 1057 (9th Cir. 1998).

### III.

### DISCUSSION

Here, the first two factors favor dismissal.  The first factor—the public's interest in the expeditious resolution of litigation—"always favors dismissal." Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999).  The second factor—the Court's need to manage its docket—favors dismissal here because Petitioner's "noncompliance has caused [this] action to come to a complete halt, thereby allowing [him] to control the pace of the docket rather than the Court."  Id. (internal quotations marks omitted).

The third factor—prejudice to respondents—weighs in favor of dismissal. The law presumes prejudice from unreasonable delay.  In re Eisen, 31 F.3d 1447, 1453 (9th Cir. 1994).  Here, Petitioner has not responded to two of the Court's orders, causing unreasonable delay.  Although the presumption of prejudice may

3

be rebutted, the presence or absence of prejudice caused by a delay is not a decisive factor when determining whether to dismiss a case for failure to prosecute, especially when a party has repeatedly ignored the Court's deadlines. Id. at 1452-53; see Henderson v. Duncan, 779 F.2d 1421, 1425 (9th Cir. 1986) ("Where counsel continues to disregard deadlines, warnings, and schedules set by the district court, we cannot find that a lack of prejudice to defendants is determinative . . . [and] we find no abuse of discretion in the district court's dismissal with prejudice."); see also Daniels v. Brennan, 887 F.2d 783, 788 (7th Cir. 1989) ("A trial court's authority to dismiss a case is not dependent on a showing of prejudice by the defendant.").

The fourth factor—availability of less drastic sanctions—favors dismissal. The Court's prior orders warned Petitioner that failure to respond might result in a dismissal of this action. (Dkt. 16.)  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992) ("a district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement") (citation omitted).

The fifth factor—public policy favoring a disposition of an action on its merits—arguably weighs against dismissal here. Pagtalunan v. Galaza, 291 F.3d 639, 643 (9th Cir. 2002).  However, the effect of this factor is mitigated because relief was granted on Ground 1, and this Court may lack jurisdiction over Grounds 2 and 3. See generally Pinson v. Carvajal, 69 F.4th 1075 (9th Cir. 2023) (holding Eighth Amendment conditions-of-confinement claims brought by federal prisoners could not be raised in habeas action under 28 U.S.C. § 2241); Tavurov v. Noem, No. 26-cv 00138, 2026 WL 323054, at *9-11, 2026 U.S. Dist. LEXIS 25425, at *23-29 (W.D. Wash. Feb. 6, 2026) (discussing whether Pinson applies to Fifth Amendment conditions-of-confinement claims brought by civil immigration detainees).

Given that the enumerated factors largely support dismissal, this action will

be dismissed pursuant to Rule 41(b) and Local Rule 41-1.  Considering all of the circumstances, the dismissal shall be without prejudice.

## IV.

## CONCLUSION

IT IS THEREFORE ORDERED that this action is dismissed without prejudice for failure to prosecute.

DATED:  June 25, 2026

_Karen E. Scott_____
KAREN E. SCOTT
UNITED STATES MAGISTRATE JUDGE

5